IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

TOM M.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:18-cv-01116-AA
**OPINION & ORDER**

AIKEN, District Judge:

Tom M. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") on February 24, 2017. For the reasons that follow, the Court AFFIRMS the Commissioner's Decision.

\ \ \

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied for DIB on April 13, 2014. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision. After the Appeals Council denied her request for review, Plaintiff filed a timely complaint in this Court seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the

evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon a claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that Plaintiff had

the following severe limitations: "amblyopia and blepharitis (20 CFR 404.1520(c)) ." Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to no climbing of ladders, ropes, or scaffolds; he must avoid even moderate exposure to hazards (i.e., dangerous machinery, unprotected heights); he is limited to no exposure to more than moderate light, typical office-type light and indoor job only, air conditioned, clear air environment; and he is limited to no exposure to dust particles, particulates, fumes, and wind.

Tr. 18. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a field hauler, tank truck driver, and security guard. At step five the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, specifically identifying the representative occupations of cashier II, storage facility rental clerk, furniture rental consultant, and mail clerk, all light level jobs. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

The only issue before me is whether the ALJ erred at step five. Plaintiff argues that the ALJ erred by failing to apply "the grid rules for individuals with advanced age" and by not finding Plaintiff disabled under those rules. These "grid rules" are the Medical-Vocational Guidelines that the Commissioner can use to satisfy its step

five burden. *See* 20 C.F.R. part 404, subpart P, appendix 2. The Commissioner argues that it was only required to apply the grid rules when an individual has exertional limitations, but not otherwise, and the ALJ permissibly relied on the vocational expert's ("VE") testimony in not finding Plaintiff to be disabled.

Here, the threshold question is whether the ALJ was required to apply the grid rules. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). The grid rules concern the strength requirements of jobs, *i.e.*, the claimant's exertional limitations, and include a matrix of combinations relating to four vocational factors: age, work experience, education, and physical ability. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citation omitted). Non-exertional impairments can restrict a claimant's RFC in ways not contemplated by these rules if sufficiently severe. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). Unless the claimant's limitations are exclusively non-exertional, "the ALJ must consult the grids first" to determine if a finding of disability is directed "on the basis of exertional limitation alone," but if the claimant "is not disabled under the grids, the non-exertional limitations must be examined separately." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115–16 (9th Cir. 2006) (citing 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e)(2); *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989). Consequently, when the claimant has "significant nonexertional limitations the [Commissioner can]not rely on the grids but [instead must] put on a vocational expert." *Burkhart*, 856 F.2d at 1340 (citation and internal quotations omitted); *see also* SSR 83-14, *available at* 1983 WL 31254, *3–4.

Here, the ALJ found that Plaintiff could perform work at all exertional levels but with certain *non-exertional* limitations. The ALJ's opinion does not identify a single exertional limitation and Plaintiff points to none that the ALJ may have overlooked. Under Ninth Circuit precedent, then, the ALJ was not required to follow the grid rules as an initial matter. *See Lounsburry*, 468 F.3d 1115–16; *see also Cooper*, 880 F.2d at 1155 ("where a claimant suffers solely from a nonexertional impairment, the grids do not resolve the disability question . . ."). The ALJ determined that strict application of the grids was not possible because Plaintiff only had nonexertional limitations. He thus permissibly relied on VE testimony to "determine the extent to which these limitations erode the occupational base of unskilled work at all exertional levels." Tr. at 21. This was not legal error.

Plaintiff further argues that he is a person of "advanced age" under grid rule 202.02 and that the ALJ erred in relying on the existence of light unskilled jobs in not finding him disabled. This is because a person of advanced age who is capable of unskilled work should be considered disabled as a matter of law under the grids. But when an ALJ's factual findings don't coincide with the corresponding criterion of a rule, the rule does not apply in that particular case. *See* 20 C.F.R. Part 404 Subpt. P App. 2, § 200.00(a). Thus, for Rule 202.02 to apply, Plaintiff would have to be limited to performing only a range of light work, which isn't the case here. The ALJ found Plaintiff was capable of a full range of work at all exertional levels and Plaintiff's nonexertional impairments rendered following the grids inappropriate. *See*

*Burkhart*, 856 F.2d at 1340. The ALJ thus relied on testimony from the VE to determine that Plaintiff was not disabled. This is not legal error.

Finally, Plaintiff's reply brief argues that even if the grids are not strictly applicable, that they are to be used as a "guide." Plaintiff then explains that their guidance indicates a finding of disability if he has no transferable skills and argues that the ALJ erred by not making such a finding. But Plaintiff has no evidence indicating that an ALJ commits harmful error by not deferring to the grids (or not assessing their guidance value) when solely nonexertional limitations exist. While Plaintiff quotes the grids' introductory remarks for the proposition that they should guide an ALJ's decision "even where no specific rule applies," *see* Pl.'s Reply Br. at 2, the only case cited in support of some non-binding level of guidance still distinguishes between exertional and nonexertional limitations to determine whether an ALJ errs by not relying the grids. *See* Pl.'s Reply Br. at 2–3 (citing *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989)). Even that case only requires a finding of disability under the grids if a plaintiff has some degree of exertional limitations. *See id.*

Even if Plaintiff's preceding argument is accepted, the record indicates that the ALJ did in fact use the grids as a starting framework. At step five, the ALJ noted that Plaintiff had solely nonexertional limitations so section 204.00 of the grids provided a guiding framework. *See* Tr. 21 (stating that "if the claimant has solely nonexertional limitations, section 204.00 in the [grids] provides a framework for decision-making."). The ALJ then found that Plaintiff's "ability to perform work at all exertional levels ha[d] been compromised by non-exertional limitations" and

determined that strict application of the grids was not possible. *Id.* He thus turned to VE testimony to assess the impact of Plaintiff's limitations on "the occupational base of unskilled work at all exertional levels." *Id.* This was permissible under Ninth Circuit case law. *See Burkhart*, 856 F.2d at 1340. Thus, I find that the ALJ did not err.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 23rd day of July, 2019.

*Ann Aiken*
Ann Aiken
United States District Judge